**Frank L. ZERJAV, C.P.A.,**
**Plaintiff–Appellant,**

v.

**MISSOURI STATE BOARD OF ACCOUNTANCY, Respondent–Respondent.**

**No. 71711.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 20, 1998.

Application for Transfer Denied
May 26, 1998.

William James O'Herin, Florissant, for plaintiff-appellant.

Dennis K. Hoffert, Herzog, Kanter & Hoffert, LLP, St. Louis, for respondent-respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

ORDER

PER CURIAM.

Frank L. Zerjav, C.P.A. (Zerjav) appeals from the judgment of the circuit court affirming the decision of the Administrative Hearing Commission (AHC) and the Missouri State Board of Accountancy (Board) finding cause to discipline Zerjav's certificate to practice as a certified public accountant and his live permit to practice as a certified public accountant.

Zerjav argues three points on appeal: (1) the trial court erred in denying his application for change of judge under Rule 51.05 or alternatively, in denying his application for change of judge under Rule 51.07; (2) the AHC's findings regarding Zerjav's violations of section 326.130.2(13) RSMo 1994 were erroneous, arbitrary, and capricious because they were beyond the scope of the Board's

allegations and not supported by competent and substantial evidence; and (3) the AHC's findings were erroneous because they were based on inadmissible deposition testimony from other litigation.

We have reviewed the briefs of the parties and the record on appeal. The trial court did not err in denying Zerjav's application for change of judge. The AHC's findings of fact and conclusions of law are supported by substantial and competent evidence on the whole record. No error of law appears. An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.16(b).[1]

---

1. The Board's Motion to Dismiss as Moot, filed with this Court on March 27, 1997, is denied.